## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CIN DALE 3,**
**JOHN WRIGHT 1&2**
**MILLER**
**BAK**
**BALL 1&2**
**HUGH D. DALE JR., in his official capacity as Managing Partner,**

      **Plaintiffs,**

v.

**PEOPLES BANK CORP.,**
**KIM LIGHTHALL,**
**JOHN OR JANE DOE BANK EMPLOYEES 1-5,**

      **Defendant.**

ELECTRONICALLY FILED
May 06 2024
U.S. DISTRICT COURT
Northern District of WV

Case No. 1:24-cv-50 (Kleeh)

## COMPLAINT

**COMES NOW**, the Plaintiffs, by and through counsel J. Morgan Leach and the firm J Morgan Leach PLLC, Ryan J. Umina and the law firm of Umina Legal, PLLC, and for this Complaint, states as follows:

## PARTIES

1. Plaintiff Hugh D. Dale Jr., is the Managing Partner of of the Partnership Plaintiffs and brings this matter on their behalf

2. Plaintiff Cin Dale 3 is a general partnership entity formed under the laws and rules of the State of West Virginia.

3. Plaintiff John Wright 1&2 is a general partnership entity formed under the laws and rules of the State of West Virginia.

1

4. Plaintiff Miller is a general partnership entity formed under the laws and rules of the State of West Virginia.

5. Plaintiff BAK is a general partnership entity formed under the laws and rules of the State of West Virginia.

6. Plaintiff Ball 1&2 is a general partnership entity formed under the laws and rules of the State of West Virginia.

7. Plaintiffs Cin Dale 3, John Wright 1&2, Miller, BAK, and Ball 1&2 collectively constitute the "Partnerships"

8. Defendant Peoples Bank is a for-profit Ohio Corporation, with its principal place of business in Marietta, Ohio.

9. Defendant Kim Lighthall was, at all time relevant herein, an employee of Peoples Bank and is a resident of West Virginia

10. Defendant John or Jane Doe Bank Employees 1-5 are those employees, agents, or representatives working at the direction of Traders Bank and/or Peoples Bank during the actions alleged herein who are currently unknown by the Plaintiff.

## JURISDICTION AND VENUE

11. Plaintiffs incorporate by reference Paragraphs 1-10, as if fully set forth herein.

12. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C § 1331 and § 1367.

13. Venue is proper before this Honorable Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events alleged herein occurred at the Peoples Bank Branch in the County of Calhoun, in the State of West Virginia.

14. This Court is authorized to award costs of action and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3).

**FACTS**

15. Plaintiffs incorporate by reference Paragraphs 1-14 above, as if fully set forth herein.

16. Sometime before April 2022, Signal Ventures, LLC (hereinafter "Judgment Creditor") filed a cause of action naming Hugh D. Dale, Jr., Drilco Oil and Gas Inc., and/or Drilco 2019 1V2H Drilling program as Plaintiffs in Cause No. DC-22-00562, in the District Court for the 160th Judicial Circuit located in Dallas County, Texas.

17. On November 11, 2022, the Texas state court entered *Final Judgment* by default against Hugh D. Dale, Jr., Drilco Oil and Gas Inc., and Drilco 2019 1V2H Drilling program (hereinafter and collectively "Judgment Debtors") in the Texas Cause No. DC-22-00562.

18. The Texas state court ordered the Judgment Creditor to recover actual damages from the Judgment Debtors in the amount of $103,886.15.

19. The Texas state court ordered the Judgment Creditor to recover punitive damages from Drilco Oil and Gas, Inc. in the amount of $200,000.

20. The Texas state court ordered Defendant Judgment Creditor to recover punitive damages from Drilco 2019 1V2H Drilling Program in the amount of $200,000.

21. The Texas state court ordered Judgment Creditor to recover punitive damages from Hugh D. Dale, Jr. in the amount of $200,000.

22. On March 2, 2023, the Judgment Creditor, by Counsel Johnstone and Gabhart, LLP (hereinafter "Counsel"), filed a *Notice of Filing of Foreign Judgment* in the Circuit Court of Calhoun County, West Virginia.

23. On or about April 17-20, 2023, the Judgment Creditor, by Counsel, further filed a series of *Abstract of Judgment* in the Circuit Court of Calhoun County.

24. On or about May 18, 2023, three *Suggestions of the Circuit Court of Calhoun County, West Virginia* were issued to Defendant Peoples Bank specifically identifying Drilco Oil and Gas inc., Drilco 2019 1V2H Drilling Program, LLC, and Hugh D. Dale Jr. as the Judgment Debtors.

25. Defendant Peoples Bank responded to Counsel in two separate letters dated May 31, 2023, indicating that Drilco Oil and Gas, Inc. and Hugh D. Dale, Jr., both had active accounts, and further indicating cashier's checks would be issued from the accounts of each pursuant to the May 18, 2023 *Suggestions* from the court.

26. Defendant Peoples Bank provided their response despite the fact that those individuals were still within their procedural timeline to respond to the *Suggestions of the Circuit Court of Calhoun County, West Virginia.*

27. The above noted letters were signed by an employee of Defendant Peoples Bank, Defendant Kim W. Lighthall, who holds the title of Receptionist.

28. Upon information and belief, Defendant Lighthall was acting within her scope of employment at all times relevant herein.

29. Upon information and belief, each Defendant John Doe employee responsible for the actions alleged herein were, at all times relevant, acting within their scope of employment.

30. Defendant Peoples Bank proceeded to erroneously issue two cashiers checks – one in the amount of $130,165.03 and one in the amount of $303,936.15 – payable to Signal

Ventures LLC C/O Johnstone & Gabhart, Attorneys at Law.

31. The cashiers checks were issued prior to the deadline for the Defendants in Case No. Cause No. DC-22-00562 to oppose the validity of the *Foreign Judgment,* thereby also depriving the Plaintiffs named herein from challenging the collection of the same.

32. The amount Defendant Peoples Bank removed to satisfy the *Suggestion's* totals $434,101.18.

33. Funds totaling $107,061.58 were removed by the Defendant Peoples Bank from accounts belonging to the Plaintiffs who were not subject to the judgment from the Texas state court.

34. Specifically, Defendant Peoples Bank removed funds from the following accounts of the Plaintiffs (hereinafter "Partnership Accounts"):

    a. Cin Dale 3 in the amount of $16,466.90;

    b. John Wright 1&2 in the amount of $8,356.63;

    c. Miller in the amount of $584.66;

    d. BAK in the amount of $956.73; and

    e. Ball 1&2 in the amount of $80,696.56.

35. Of importance here, it is the position of the Judgment Debtors that the Judgment Creditor did not properly effectuate service of process upon Hugh D. Dale, Jr., Drilco Oil and Gas Inc., or Drilco 2019 1V2H Drilling program as Defendants in Cause No. DC-22-00562, and those named Defendants have filed an action to quash the *Foreign Judgment*, which is now on appeal with the Intermediate Court of Appeals for the State of West Virginia.

36. The Partnership Accounts were originated by Plaintiff Hugh D. Dale Jr., in his capacity

as Managing Partner of each subject Partnership through Traders Bank, who subsequently merged with Premier Bank, who in turn merged with Defendant Peoples Bank, and, upon information and belief, all assets and liabilities of both banks were assumed by Peoples Bank.

37. Upon information and belief, the transaction between Premier Bank and Traders Bank was a consolidation or merger conferring the liabilities of Traders Bank to Premier Bank, and the transaction between Premier Bank and Defendant Peoples Bank was also a consolidation or merger that conferred the liabilities of Premier Bank to Defendant Peoples Bank.

38. Upon information and belief, in consolidating or merging with Premier Bank, Defendant Peoples Bank also acquired any liabilities and obligations previously held by Traders Bank.

39. It was the intent of Plaintiff Hugh D. Dale Jr., when originating the accounts, to structure them as a partnership account, making the financial assets within property of the partnership and not any individual partner.

40. Plaintiff Hugh D. Dale Jr. explicitly stated his intent to the John or Jane Doe employee at Traders Bank who originated the account.

41. The Defendant failed to originate accounts at the direction of Plaintiff Hugh D. Dale Jr., rather originating the partnership accounts as a joint tenancy.

42. The Plaintiffs were unaware of the professional negligence on the part of the Defendant until those funds were unlawfully removed on or about May 18, 2023.

43. The Partnership Accounts were intended to be owned and operated by each partnership as

distinct entities separate and apart from the partners who make it up and were utilized to maintain those funds acquired by each individual partnership.

44. At all times relevant herein, any and all deposits of funds into these accounts were not made with the intent to create a joint tenancy, but rather separate property to be distributed accordingly to each Partnership.

45. Had the Partnership Accounts been properly originated, any property acquired by the partnership, belonging to the partnership and deposited into those accounts would not be subject to any judgment against a single partner or joint tenant listed on the accounts.

46. Upon information and belief, it was only upon the negligence of the bank in originating the accounts that there may be a joint tenancy created between the accounts of the Plaintiffs and any of the Judgment Debtors.

47. It was as a result of the professional negligence of Traders Bank, who incorrectly originated those accounts, that those funds were subject to the judgment against a single partner.

48. At some point in time, Traders Bank consolidated and/ or merged with Premier Bank, who were then both subsequently consolidated and/ or merged with Defendant Peoples Bank.

49. Defendant Peoples Bank became liable for the prior negligence of Traders Bank based upon the above noted consolidation and/or merger chain.

50. Defendant Peoples Bank unlawfully converted funds from accounts that should not have been subject to the Texas judgment, leaving many of the account balances as low as $0.01.

51. Alternatively, it was never the intent of the original depositors of each account to create a joint tenancy, but rather an account to maintain funds belonging to the partnerships and any initiation as such was only done as a result of a mistake by the Defendant Peoples Bank, via the negligence of Traders Banks.

52. At all times relevant herein, all necessary corporate formalities and lines of delineation were upheld between the Plaintiffs and the Judgment Debtors, including:

    a. No commingling of funds;

    b. No use of partnership funds for non partnership uses;

    c. The maintenance of adequate partnership records;

    d. Adequate capitalization for each partnership; and

    e. Strict accordance with all legal formalities and maintenance of proper "arm's length" relationship with both the Judgment Debtors and amongst the Partnerships.

53. Upon information and belief, Defendant Peoples Bank unlawfully collected funds from accounts that were in excess of the owner of that account's liability under the alleged *Final Judgment* issued in the Texas district court.

54. At all times relevant herein, the Defendant Peoples Bank was acting as a debt collector.

55. At all times relevant herein, the Defendant Peoples Bank held a fiduciary relationship with the Plaintiffs as the keepers of their financial accounts.

## COUNT I – PROFESSIONAL NEGLIGENCE
### (Against Defendant Peoples Bank)

56. Plaintiffs incorporate by reference Paragraphs 1-55 above, as if fully set forth herein.

57. A Defendant is guilty of professional negligence when their acts or omissions are in violation of a duty owed to the plaintiff and such an act or omission caused the injury complained of.

58. At all times relevant herein, Defendants owed a duty to the Plaintiffs, including but not limited to a fiduciary duty and a duty of care to engage in fair and conscionable debt collections practices.

59. At all times relevant herein, the Defendant breached their fiduciary duty in failing to originate the Partnership accounts in the manner intended so as to best protect those assets belonging to the Partnerships and not the individual partners.

60. The Defendants knew of should have known that originating the Partnership accounts in a manner that would leave them vulnerable to the alleged debt of an individual partner was not the intent of nor in the best interest of the Partnerships.

61. At all times relevant herein, Defendants breached their duty of care to the Plaintiffs by failing to engage in fair and conscionable debt collections practices upon presentation of the alleged debt.

62. At all times relevant herein, Defendants knew or should have known that a significant portion of the funds removed to satisfy the alleged judgment were not in fact subject to said judgment and therefore could not be removed.

63. As a direct and proximate cause of the Defendant's negligence, Plaintiffs incurred $107,060.82 in actual damages.

64. As a direct and proximate result of the Defendant's negligence, Plaintiffs have incurred general and special damages, including borrowing funds to maintain their necessary

operating costs.

65. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered and continue to suffer considerable monetary damages.

66. As a direct and proximate result of the Defendant's negligence, Plaintiffs have suffered and continue to suffer emotional distress, annoyance and inconvenience, and loss of enjoyment.

67. "An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code §55-7-29.

## COUNT II – BREACH OF FIDUCIARY DUTY
### (Against Defendant Peoples Bank)

68. Plaintiffs incorporate by reference Paragraphs 1-67 above, as if fully set forth herein.

69. The essential elements of a claim of breach of fiduciary duty are (1) the existence of a duty arising from a fiduciary relationship, (2) the failure to observe the duty, and (3) an injury resulting proximately therefrom.

70. At all times relevant herein, the Defendants held a fiduciary relationship with the Plaintiffs, who ceded a special confidence and trust in them to originate the bank accounts appropriately in order to protect their financial assets.

71. The Plaintiffs further ceded special confidence and trust in the Defendants as keepers of their monterey funds.

72. In failing to properly originate the accounts in a manner in which the Plaintiffs intended so as to protect them from such a judgment and further in removing funds from the Plaintiffs accounts that should have been protected from the judgment, the Defendants failed to observe their fiduciary duty.

73. As alleged herein, the removal of such funds from the accounts of the Plaintiffs that were to be protected from such an action and who were not subject to the judgment has proximately resulted in their injury in the form of general and special damages, including but not limited actual damages totaling $107,061.58.

74. "An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code §55-7-29.

**COUNT III – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692**
**(Against Defendant Peoples Bank)**

75. Plaintiffs incorporate by reference Paragraphs 1-74 above, as if fully set forth herein.

76. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt unless there is an agreement creating the debt or is permitted by law. 15 U.S.C. § 1692f.

77. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt, the use of any false

representation or deceptive means to collect or attempt to collect any debt, or the false representation or implication that documents are legal process. 15 U.S.C. § 1692e.

78. The debt collector violates the FDCPA with the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

79. A bank is a debt collector under the Act when they attempt to collect debts owed to a third party and can be liable under the FDCPA when it engages in collection activities on a debt that are not in fact owed, even if they are not the debt holder.

80. Plaintiffs are "consumers" under the meaning of the FDCPA. 15 U.S.C. § 1692a(3).

81. At all times relevant herein, the alleged judgment lien subject of the two *Suggestions of the Circuit Court of Calhoun County, West Virginia* was held against those Hugh D. Dale, Jr., Drilco Oil and Gas Inc., and/or Drilco 2019 1V2H Drilling program.

82. At all times relevant herein, Defendant Peoples Bank engaged in collection activities in connection to an alleged debt owed to a third party for which the Partnership Accounts were not subject to.

83. It was the intent of the Plaintiff, Hugh D. Dale Jr. when, as Managing Partner, he originated the Partnership Accounts, to create the accounts as one belonging to the Partnerships and thus property of the individual partners, protecting them from risk such as this judgment.

84. Absent the professional negligence by the Defendants, as alleged herein, these accounts were not subject to the above noted judgment debt.

85. In pursuing the alleged debt through the three *Suggestions of the Circuit Court of Calhoun County, West Virginia*, the Defendant Peoples Bank unfairly and unconscionably attempted to collect a debt from the Plaintiffs that they did not owe.

86. In disbursing two cashier's checks containing funds of the Plaintiffs, Defendant Peoples Bank engaged in collection activities of a debt that were not actually owed by the Plaintiffs, and thus unfair.

87. Defendant Peoples Bank remitted funds from accounts other than those of the named debtors stated on the *Final Judgment* of the Texas district court.

88. Defendants Peoples Bank engaged in numerous unfair and unconscionable acts that are prohibited by the FDCPA in attempts to collect an alleged debt from Plaintiff Hugh D. Dale, Jr.

89. The Plaintiffs are entitled to attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3).

90. "An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code §55-7-29.

## COUNT IV – CONVERSION
### (Against Defendant Peoples Bank)

91. Plaintiffs hereby incorporate Paragraphs 1-90 above, as if fully set forth herein.

92. The tortious or unlawful taking of personal property, along with the exercise of ownership and dominion over it, against the consent of the owner is, in law, a conversion

of the property.

93. The elements of a conversion are: (1) plaintiff's ownership or right to possession of the property at the time of conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.

94. The Plaintiffs lawfully and rightly owned and possessed the funds found within their respective accounts.

95. The Defendant's diversion or disposition of assets from the accounts of the Plaintiffs was a distinct act of dominion.

96. The Defendants had no legal right to diverting or disposing of the assets of the Plaintiff, nor did the Plaintiff consent to any such diversion.

97. As a direct, proximate, and foreseeable result of the conversion, the Plaintiff was damaged as alleged extensively herein.

98. "An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code §55-7-29.

### COUNT VI – RESPONDEAT SUPERIOR

99. Plaintiffs incorporate by reference Paragraphs 1-98 above, as if fully set forth herein.

100. The doctrine of respondeat superior holds an employer or principal vicariously liable for the torts of its employees or agents.

101. In order for respondeat superior to exist, the alleged tort must be committed while

acting within the scope of employment.

102. At all time relevant herein, the Defendants held an employee-employer relationship over those specific employees charged with maintaining the accounts of the Plaintiffs, including those John or Jane Doe employees who originated the Partnerships accounts and receptionist Kim W. Lighthall.

103. Each and every tort alleged herein were committed by employees of the Defendant Peoples Bank while acting within the scope of their employment.

104. "An award of punitive damages may only occur in a civil action against a defendant if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code §55-7-29.

**WHEREFORE,** the Plaintiffs demand the following relief:

    A. Compensatory damages;

    B. General damages for past, present, and future pain and suffering, mental anguish, emotional distress, annoyance, inconvenience, loss of enjoyment of life, and all other recoverable damages in a fair and just amount determined by a jury;

    C. Injunctive relief to:

        a. Return the funds that have been taken from Plaintiffs' bank accounts with pre and post judgment interest;

        b. Prohibit the Defendants from seizing any funds associated

      with any of Plaintiffs' accounts;

D. Nominal damages in accordance with the provisions of the Fair Debt Collections Practices Act;

E. Punitive damages in a fair and just amount as determined by a jury;

F. Reasonable costs and attorney's fees;

G. Pre and Post Judgment interest;

H. Grant the Plaintiffs a trial by jury; and

I. Award the Plaintiffs all other relief to which this Court deems proper.

**THE PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY**

**Respectfully submitted this 6th day of May 2024.**

      **PLAINTIFFS,**
By Counsel,

**/s/ J. Morgan Leach**
**J. Morgan Leach, Esq.**
WV State Bar No. 13124
P.O. Box 5518 Vienna, WV 26105
morgan@jmorganleach.law
jmorganleach.law
(844) 444 - 5529 (call | text | fax)
**Co-Counsel for Plaintiffs**

**/s/ Ryan J Umina**
**Ryan J. Umina, Esq.**
WV State Bar No. 13056
UMINA LEGAL, PLLC
133 Greenbag Road
Morgantown, WV 26501
ryan@uminalegal.com
(304)844-8453
**Co-Counsel for Plaintiffs**