IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CIN DALE 3,
JOHN WRIGHT 1&2
MILLER
BAK
BALL 1&2
HUGH D. DALE JR., in his official
capacity as Managing Partner,

      Plaintiffs,

v.

PEOPLES BANK CORP.,
KIM LIGHTHALL,
JOHN OR JANE DOE BANK EMPLOYEES
1-5,

      Defendants.

Case No. 1:24-cv-50
Judge: Thomas S. Kleeh

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendants Peoples Bank Corp. ("Peoples Bank"), Kim Lighthall, and John or Jane Doe Bank Employees 1-5 (collectively "Defendants"), pursuant to Local Rule 7.1, submit this memorandum of authority in support of their Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.

**INTRODUCTION**

From 2002 to 2006, Hugh Dale opened several bank accounts in which he listed himself or his company, Drilco Oil & Gas ("Drilco"), as one of the account owners. In 2023, Peoples Bank received *Suggestions* issued by the Circuit Court of Calhoun County, WV, ordering the Bank to turn over any funds owned by Hugh or Drilco to satisfy a Judgment against them of approximately $303,000.

Peoples Bank complied with the *Suggestions* and remitted funds from accounts in which either Hugh or Drilco was listed as an account owner. Several of these accounts are joint accounts. After losing their attempt to invalidate the Judgment before the Circuit Court of Calhoun County, (which is now the subject of an appeal to the Intermediate Court of Appeals of West Virginia) Hugh brought this lawsuit against Peoples Bank on behalf of the other partnerships listed as additional owners on several bank accounts to try to mitigate their losses.

As laid out below, and while there are additional legal reasons for dismissal, the bottom line here is that either Hugh or Drilco is listed as an owner on all of these accounts. And Hugh signed the paperwork establishing these accounts—in which either he or Drilco is listed as one of the owners. As such, there is no basis for Plaintiffs to complain about the fact that Peoples Bank lawfully complied with two Court issued *Suggestions*.

## **FACTUAL BACKGROUND**

On December 31, 2001, Hugh D. Dale, Jr. and Cynthia Dale walked into Traders Bank at 303 Main Street, Spencer, WV and opened a consumer checking account as multiple owners/joint owners with a right of survivorship. *Exhibit A*. Presumably due to the holiday, an account ending in 4060 was opened as of January 2, 2002. The Deposit Agreement signed by both Hugh and Cynthia Dale states that the account is a joint consumer checking account. *Id.* The account was initially named "Escrow Account," and was changed on October 6, 2016 to "Cin Dale #3." *Id.*

Apparently satisfied with the personal banking services they received at Traders Bank, on September 8, 2004, Hugh and Cynthia Dale opened a business account at the branch located at 303 Main Street. *Exhibit B*. This time, the account (which ended in 5212) was opened in the name of "Drilco Oil and Gas" and "Ball 1 and 2." *Id.* This account, while opened in the names of both Drilco and Ball 1 and 2, utilized only Drilco's tax identification number. *Id.* Hugh Dale, Jr. signed

the Deposit Agreement and certified under penalty of perjury that the correct tax identification number was used. *Id.*

On February 17, 2006, Hugh and Cynthia again returned to Traders Bank. *Exhibit C*; *Exhibit D*. This time, they opened two accounts, one ending in 7898 (*Ex. C*) and one ending in 7901 (*Ex. D*). The account ending in 7898 was opened in the names of Cynthia E. Dale, Hugh D. Dale, Jr., and "John Wright 1 & 2." *Ex. C.* The account was owned by these three depositors as joint tenants with right of survivorship. *Id.* One signature was required to withdraw funds from the account. *Id.* The stated purpose of the account was "personal." *Id.* Hugh Dale, Jr.'s social security number was listed on the account. *Id.* Hugh and Cynthia both signed the Deposit Agreement that set forth all of this information. *Id.*

Likewise, the account ending in 7901 was a "personal" checking account opened by Cynthia E Dale, Hugh D Dale, Jr., and "Miller #2" as joint tenants with right of survivorship. *Ex. D.* It required one signature for withdraws, listed Hugh Dale's social security number, and the signature card setting forth all of this information was signed by Hugh Dale. *Id.*

Finally, roughly two years later, Hugh and Cynthia, along with "BAK Account" opened a "personal" account ending in 3510. *Exhibit E.* And so history repeats—Hugh listed his social security number on the account. *Id.* One signature was required to withdraw funds. *Id.* The account was owned by the three depositors as joint tenants with right of survivorship. *Id.*

For 15 years, Plaintiffs operated with the accounts as described above until, on May 25, 2023, Peoples Bank, who through mergers and acquisitions throughout the years had acquired Plaintiffs' accounts, was served with a *Suggestion* and *Writ of Execution* against Hugh D. Dale, Jr. (*Exhibit F*) and a *Suggestion* and *Writ of Execution* against Drilco Oil and Gas, Inc. (*Exhibit G*).

These Court ordered processes were the culmination of Case No. CC-07-2023-C-3 pending in the Circuit Court of Calhoun County, West Virginia. The Calhoun County Action was initiated to domesticate a *Final Judgment* entered against Hugh D. Dale, Jr.; Drilco Oil and Gas Inc.; and Drilco 2019 1V2H Drilling Program ("Judgment Debtors") in favor of Signal Ventures, LLC ("Judgment Creditor") by the District Court for the 160th Judicial Circuit, Dallas County, Texas. (Compl. ¶¶ 16–24).

In response to the *Suggestions*, Peoples Bank searched its records and located the above described accounts ending in 4060, 5212, 7898, 7901, and 3510, all of which listed as an owner either Hugh D. Dale, Jr. or Drilco. *See Exs. A–E.* Peoples Bank then proceeded to place holds on and debit the accounts as follows:

| Last Four of Account Number | Account Owner Who Is a Judgment Debtor | Account Owner Who Is Not a Judgment Debtor | Sum Allegedly Improperly Removed |
|---|---|---|---|
| 4060 | Hugh Dale, Jr. | Cin Dale 3 | $16,466.90 |
| 7898 | Hugh Dale, Jr. | John Wright 1&2 | $8,356.63 |
| 7901 | Hugh Dale, Jr. | Miller #2 | $584.66 |
| 3510 | Hugh Dale, Jr. | BAK | $956.73 |
| 5212 | Drilco Oil & Gas | Ball 1&2 | $80,696.56 |

*See Exs. A–G*; Compl. ¶ 34. These funds were subsequently paid out to the Judgment Creditor. (Compl. ¶¶ 33–34).

Plaintiffs now allege, contrary to the account documents signed by Hugh D. Dale Jr., that he intended to open "a partnership account, making the financial assets within property of the partnership and not any individual partner." (Compl. ¶ 39). Plaintiffs allege that Hugh Dale "explicitly stated his intent to the . . . employee at Traders Bank who originated the account." (Compl. ¶ 40). Thus, they say, the Bank "failed to originate accounts at the direction of Plaintiff Hugh D. Dale Jr., rather originating the partnership accounts as a joint tenancy." (Compl. ¶ 41).

According to Plaintiffs' allegations, had the accounts been originated in accordance with Hugh's instructions and intent, each account would have been an individual account solely in the name of one of the partnerships. (Compl. ¶ 44). Hugh would have simply been on the accounts as a signatory, not as a joint tenant. Thus, they claim, none of the accounts would have been subject to the *Suggestions* issued to Peoples Bank, and Plaintiffs would not have been deprived of their property. (Compl. ¶¶ 45–47).

## **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969).

Generally, a court may not consider documents or "matters outside the pleadings" when ruling on a motion to dismiss without converting the motion to one for summary judgment. Fed. R. Civ. Pro. 12(d). However, a court reviewing a 12(b)(6) motion "may . . . consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014).

## ARGUMENT

Plaintiffs allege five counts against the Defendants: that the Defendants (1) acted negligently in setting up the above discussed accounts, (2) breached a fiduciary duty allegedly owed to Plaintiffs; (3) violated the Fair Debt Collection Practice Act; (4) converted Plaintiffs' property when responding to the *Suggestions*; and (5) that Defendant Peoples Bank is vicariously liable for these alleged wrongs.

As set forth in more detail below, each of these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have failed to state a claim for relief.

**I. Plaintiffs' claims for negligence and breach of a fiduciary duty fail to state a claim for which relief can be granted.**

**A.     The claims for negligence and breach of fiduciary duty are not timely.**

As a preliminary matter, Plaintiff's claims for professional negligence and breach of fiduciary duty are barred by the applicable two-year statute of limitations because the acts at issue took place in 2001-2006 when the accounts were created.

The Fourth Circuit has held that "in any case in which a state statute of limitations applies . . . the state's accompanying rule regarding equitable tolling should also apply." *Wade v. Danek Medical, Inc.*, 182 F.3d 281, 289 (4th Cir. 1999).

In West Virginia, a claim for negligence must be brought within two years "after the right to bring the claim shall have accrued." W. Va. Code § 55-2-12. The statute of limitations begins to run when "the plaintiff knows or by reasonable diligence should know that he has been injured and who is responsible." *Cart v. Marcum*, 423 S.E.2d 644, 647 (W. Va. 1992).

While Hugh Dale has asserted that he was "unaware of the professional negligence on the part of the Defendant until [the] funds were unlawfully removed on or about May 18, 2023," merely pleading a lack of knowledge is not sufficient to toll the statute of limitations under West Virginia law. The West Virginia Supreme Court of Appeals has held:

> In tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Syl. Pt. 4, *Gaither v. City Hosp.*, 487 S.E.2d 901, 903 (W. Va. 1997). "Whether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action." *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009). "This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." *Id.*

Here, Counts I and II of the Complaint rely on allegations that "it was only upon the negligence of the bank ***in originating the accounts*** that there may be a joint tenancy created between accounts of the Plaintiffs and any of the Judgment Debtors." (Compl. ¶ 46) (emphasis added). But Plaintiffs do not state ***why*** they were unaware of this until May of 2023.

Plaintiffs knew or should have known how the accounts were originated at the time each account was opened, more than 15 years ago for even the newest account. Hugh Dale signed four

Deposit Agreements that stated he was an owner on the account and that the funds were owned as joint tenants with right of survivorship. *Exs. A, C, D, and E.* With respect to the fifth account, ending in 5212, he signed a Deposit Agreement that listed Drilco as a depositor and that used Drilco's tax identification number. *Ex. B.*

Perhaps Hugh did not read the Deposit Accounts closely. Or perhaps he did not pay attention to the "account type" and "ownership" and "stated purpose" fields. This, however, does not discharge him from a presumption that he knew the contents of the documents his signed. *See Reddy v. Community Health Found. of Man*, 298 S.E.2d 906, 910 (W. Va. 1982) (holding that failure to read an agreement does not excuse a person from being bound by its terms upon his signature and therefore authorization).

Hugh opened five accounts on four different occasions spanning six years. Hugh signed the Deposit Agreements that created joint accounts each time. When Peoples Bank issued an account statement for the accounts at issue, the names of each and every joint owner were presented at the top of the statement. *Exhibit H.* With even an iota of diligence, Plaintiffs would have known—as of 15 years ago—that the bank accounts were jointly owned accounts.

Accordingly, Counts I and II should be dismissed for failure to bring a timely claim. However, if this Court should find that the statute of limitations did not begin to run until Peoples Bank responded to the *Suggestions*, Counts I and II fail for additional reasons.

      **B.**      **Plaintiff has failed to state a claim for professional negligence or breach of fiduciary duty under West Virginia law.**

As noted above, Plaintiffs allege Defendants were negligent and breached a fiduciary duty because Defendants "fail[ed] to originate the Partnership accounts in the manner intended so as to best protect those assets belonging to the Partnerships and not the individual partners." (Compl. ¶ 59 and ¶¶ 70–71).

First, Plaintiffs have failed to allege that the bank owed them any heightened duty of care in connection with the origination of the accounts. "The fiduciary duty is [a] duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person. It is the highest standard of duty implied by law[.]" *Elmore v. State Farm Mut. Auto. Ins. Co.*, 504 S.E.2d 893, 898 (W. Va. 1998) (internal quotation omitted). Importantly, in West Virginia, "[w]here there is a general deposit of money in a bank, the title to and beneficial ownership of the money is vested in the bank, and the relation between it and the depositor is that of debtor and creditor." *Southern Elec. Supply Co. v. Raleigh County Nat'l Bank*, 320 S.E.2d 515 (W. Va. 1984). The West Virginia Supreme Court of Appeals has expressly held that the relationship between a bank and an individual who deposits money in the bank is ***not*** a fiduciary relationship. *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 854 S.E.2d 870, 896 (W. Va. 2020) (citing *United States Fidelity & Guaranty Co. v. Home Bank*, 88 S.E. 109 (W. Va. 1916) ("A deposit creates an ordinary debt, and not a privilege or right of a fiduciary character.")).

Second, with respect to the professional negligence claim, "[t]he elements required to establish a cause of action for professional negligence are equivalent to the elements required in a standard negligence action." *Neal v. United States*, 599 F. Supp. 3d 270, 290 (D. Md. 2022) (quoting *Balfour Beatty Infra., Inc., v. Rummel Klepper & Kahl, LLP*, 226 Md. App. 420, 438, 130 A.3d 1024, 1035 (Md. Ct. Spec. App. 2016)). In West Virginia:

> A plaintiff is required to show four basic elements: duty, breach, causation, and damages. The plaintiff must prove that the defendant owed the plaintiff some duty of care; that by some act or omission the defendant breached that duty; and that the act or omission proximately caused some injury to the plaintiff that is compensable by damages.

*C.C. v. Harrison Cty. Bd. of Educ.*, 850 S.E.2d 762, 772 (W. Va. 2021) (quoting *Hersh v. E-T Enters., Ltd. P'ship*, 752 S.E.2d 336, 341 (W. Va. 2013).

"In order to establish a *prima facie* case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syl. Pt. 3, *Aikens v. Debow*, 541 S.E.2d 576, 578 (W. Va. 2000) (internal quotation marks and citations omitted). Plaintiffs allege that Defendants breached their duty by originating the accounts as joint accounts. But the Bank did so upon the express and written consent of Plaintiffs. Regardless of what verbal instruction Hugh gave the bank, he ratified the creation of the accounts as joint accounts. *See Old White Charities, Inc. v. Bankers Ins.*, LLC, 325 F. Supp. 3d 681, 690–91 (S.D. W. Va. 2018) (holding that when a party signs an agreement any past request that may impose an additional obligation or duty is null as the parties have now agreed to the express terms of the agreement). The Bank cannot be said to have been negligent when it acted upon the written consent of the "Managing Partner" of each entity when it created joint checking accounts. (*See Compl.* ¶ 1).

Further, with respect to account ending in 5212, it is unclear from the Complaint how Hugh's assertion that he intended to be listed as a signatory to the account but not as a joint tenant would have prevented Plaintiff Ball 1 & 2's alleged damage. Account 5212 was subject to the *Suggestion* against Drilco. Because this account has two entities as joint owners, and not a natural person, Plaintiffs' allegations fail to state a cause of action pertaining to Account 5212.

II.     **The Fair Debt Collection Practices Act does not apply.**

Next, Plaintiffs allege that Defendants violated the Fair Debt Collection Practices Act (FDCPA); however, even a cursory look at the definitions of the Act show it is not applicable in this case.

The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . which [is] primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). "Debt collector" is defined as "any person . . . who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. § 1692a(6). "Consumers" are "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

None of these definitions apply. First, the *Suggestions* paid by Peoples Bank were not a "debt" as defined by the FDCPA. The "debt" in this case was a final judgment issued by the court of a sister state and domesticated in Calhoun County, West Virginia. The underlying claim was not for consumer or household goods or services. Rather, the Petition filed in Dallas County, Texas sought damages for (1) violations of the Texas Securities Act, (2) fraud and fraudulent inducement, (3) breach of fiduciary duty, (4) negligent misrepresentation, and (5) civil conspiracy. *Exhibit I.*

Second, Peoples Bank is not a "debt collector." Moreover, responding to court ordered process is not "debt collection" because a bank is merely responding "to a lawful order by transferring . . . money to the third party." *Heaven v. Portfolio Recovery Assocs.*, LLC, 303 F. Supp. 3d 333, 339 (E.D. Pa. 2018).

Finally, Plaintiffs are not "consumers." Only one plaintiff is a natural person, and he joins in this Action only in his capacity as "Managing Partner of the Partnership Plaintiffs." (Compl. ¶¶ 1–10). Plaintiff's FDCPA claim should therefore be dismissed with prejudice.

### III.   Peoples Bank did not convert Plaintiff's property.

Finally, Plaintiffs allege they are entitled to damages for conversion of their property. They state that the "diversion or disposition of assets from the accounts . . . was a distinct act of dominion." (Compl. at ¶¶ 95–96). In West Virginia,

> [a]ny distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use. And when such conversion is proved the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance.

Syl. Pt. 17, *Rodgers v. Rodgers*, 399 S.E.2d 664, 668 (W. Va. 1990) (quoting Syl. Pt. 3, *Pine & Cypress Mfg. Co. v. American Eng'g & Constr. Co.*, 125 S.E. 375 (W. Va. 1924)).

Here, the Complaint's allegations fail to recognize the accounts were joint accounts. Each account at issue had a Judgment Debtor and the Judgment Debtor's corresponding social security or tax identification number on the account. *Exs. A–G*. Plaintiffs' rights to the funds were thus subject to claims by the joint owners **and their creditors**. *See* W. Va. Code § 38-5-10(a). Accordingly, Peoples Bank's withdrawal of funds to pay the Judgment Creditor was not "inconsistent" with Plaintiffs' rights to the property. Count IV should therefore be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request this Court dismiss the Complaint with prejudice and grant any additional relief this Court deems just and equitable.

Respectfully submitted,

*/s/ Arie M. Spitz*
Arie M. Spitz (WVSB #10867)
Jordan "Jo" McMinn (WVSB #14084)
Dinsmore & Shohl LLP
707 Virginia Street, East, Suite 1300
Charleston, WV 25301
Telephone: (304) 347-0900
Facsimile: (304) 357-0919
arie.spitz@dinsmore.com
jordan.mcminn@dinsmore.com
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CIN DALE 3,**
**JOHN WRIGHT 1&2**
**MILLER**
**BAK**
**BALL 1&2**
**HUGH D. DALE JR., in his official**
**capacity as Managing Partner,**

       **Plaintiffs,**

v.     Case No. 1:24-cv-50
     Judge: Thomas S. Kleeh

**PEOPLES BANK CORP.,**
**KIM LIGHTHALL,**
**JOHN OR JANE DOE BANK EMPLOYEES**
**1-5,**

       **Defendants.**

## CERTIFICATE OF SERVICE

I, Arie M. Spitz, do hereby certify that I have filed a true copy of the foregoing *Memorandum in Support of the Motion to Dismiss* on July 29, 2024, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the listed participants.

                                             */s/ Arie M. Spitz*
                                             Arie M. Spitz (WVSB #10867)