IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CIN DALE 3,
JOHN WRIGHT 1&2
MILLER
BAK
BALL 1&2
HUGH D. DALE JR., in his official
capacity as Managing Partner,

      Plaintiffs,

v.

                                                 Civil Action No.:1:24-cv-50
                                                 Judge: Thomas S. Kleeh

PEOPLES BANK CORP.,
KIM LIGHTHALL,
JOHN OR JANE DOE BANK EMPLOYEES
1-5,
      Defendant.

**PLAINTIFF'S MEMORANDUM
IN OPPOSITION OF DEFENDANTS' MOTION TO DISMISS**

**COMES NOW** the Plaintiffs, by and through counsel, J. Morgan Leach and J Morgan Leach, PLLC, to oppose the *Defendants' Motion* and *Memorandum of Law in Support of Its Motion to Dismiss the Complaint* (hereinafter Defs.' Memo).[1] In support of their opposition, the Plaintiffs aver the following to this Honorable Court for consideration.

**STATEMENT OF FACTS**

This action is brought by the Managing Partner of Cin Dale 3, John Wright 1&2, Miller, Bak, and Ball 1&2 (hereinafter "Partnerships"), who are investors in certain drilling companies and drilling programs and collectively referred to as Plaintiffs, against Defendant Peoples Bank

---

[1] *See generally* **ECF NO. 4**

1

Corp. (hereinafter "Peoples") who is a banking corporation controlling those profits and proceeds for the partnerships, as well as its employees, officers, and/or other agents acting on behalf of the bank. The Plaintiffs are seeking the damages they have suffered as a result of the mishandling of said funds by Peoples and the actions or inactions of its employees. In summation, the Defendants have unlawfully and negligently removed funds held within the accounts of the Partnerships, before diverting them by way of a cashiers check. As such, the Plaintiffs allege causes of action of Negligence, Breach of Fiduciary Duty, Violation of the Fair Debt Collection Practices Act, Conversion, and *Respondeat Superior*.

This Complaint was filed on May 6, 2024 by Hugh D. Dale Jr. (hereinafter "Mr. Dale") as the managing Partner and on behalf of the Partnerships. *Pls.' Compl.* ¶ ¶ 1-7. It named Defendants Peoples Bank Corp., Kim Lighthall, and John or Jane Doe Bank Employees. *Pls.' Compl.* ¶ ¶ 8-10. The Plaintiffs allege certain acts and omissions of the Defendants have resulted in wrongful removal of a substantial amount of money from the accounts held by Peoples Banks for which they now seek to recover.

At various times beginning in 2002, Mr. Dale originated a collection of bank accounts in his capacity as Managing Partner of each subject Partnerships through Traders Bank, who subsequently merged with Premier Bank, who in turn merged with Defendant Peoples Bank.[2] *Pls.' Compl.* ¶ 36. At the time, Mr. Dale was of the belief that he was structuring these accounts as a partnership type of account and in turn making the financial assets within the property of each partnership and not any individual partner. *Pls.' Compl.* ¶ 39. Importantly, Mr. Dale explicitly stated his intentions to those bank employees that originated each account and those

---

[2] For purposes of the Response, the Plaintiffs will collectively refer to these three banks as Peoples Bank as the inheriting institution resulting from a series of consolidations and/or mergers that confer liability for this civil matter upon the named Defendant Peoples Bank.

2

employees failed to do so correctly. *Pls.' Compl.* ¶ ¶ 40-41. Unfortunately, the Plaintiffs were never made aware of such an error, nor had any reasons to be made aware, until the actions of the Defendants here, on or about May 18, 2023. *Pls.' Compl.* ¶ 42.

The events leading up those that are subject of this litigation began sometime before April 2022, Signal Ventures, LLC (hereinafter "Judgment Creditor") filed a cause of action naming Hugh D. Dale, Jr., Drilco Oil and Gas Inc., and/or Drilco 2019 1V2H Drilling program as Plaintiffs in Cause No. DC-22-00562, in the District Court for the 160th Judicial Circuit located in Dallas County, Texas, who ultimately entered *Final Judgment* by default against those named defendants there. *Pls.' Compl.* ¶ ¶ 16-17The Texas state court ordered the Judgment Creditor to recover actual damages from the Judgment Debtors in the amount of $103,886.15 and punitive damages totaling $600,000 from all defendants. *Pls.' Compl.* ¶ ¶ 18-21

On or about May 18, 2023, three *Suggestions of the Circuit Court of Calhoun County, West Virginia* were issued to Defendant Peoples Bank specifically identifying Drilco Oil and Gas inc., Drilco 2019 1V2H Drilling Program, LLC, and Hugh D. Dale Jr. as the Judgment Debtors from that Texas matter. *Pls.' Compl.* ¶ 24. Defendant Peoples Bank responded in two separate letters dated May 31, 2023, indicating that Drilco Oil and Gas, Inc. and Hugh D. Dale, Jr., both had active accounts, and further indicating cashier's checks would be issued from the accounts of each pursuant to the May 18, 2023 *Suggestions* from the court. *Pls.' Compl.* ¶ 25. Defendant Peoples Bank, by Defendant Kim W. Lighthall, provided their response despite the fact that those individuals were still within their procedural timeline to respond to the *Suggestions of the Circuit Court of Calhoun County, West Virginia. Pls.' Compl.* ¶ ¶ 26-27 Defendant Peoples Bank proceeded to erroneously issue two cashiers checks totalling $434,101.18. – one in the amount of

$130,165.03 and one in the amount of $303,936.15 – payable to Signal Ventures LLC C/O Johnstone & Gabhart, Attorneys at Law. *Pls.' Compl.* ¶ ¶ 30, 32. Specifically, Defendant Peoples Bank removed funds from the following accounts of the Plaintiffs (hereinafter "Partnership Accounts"), none of which were subject to the *Judgment*:

    a. Cin Dale 3 in the amount of $16,466.90;

    b. John Wright 1&2 in the amount of $8,356.63;

    c. Miller in the amount of $584.66;

    d. BAK in the amount of $956.73; and

    e. Ball 1&2 in the amount of $80,696.56.

*Pls.' Compl.* ¶ 34.

Simply put, had the Partnership Accounts been properly originated, any property acquired by the partnership, belonging to the partnership and deposited into those accounts would not be subject to any judgment against a single partner or joint tenant listed on the accounts, and namely here Mr. Dale. It was only upon the professional negligence of the bank in originating the accounts that there may be a joint tenancy created between the accounts of the Plaintiffs and any of the Judgment Debtors. In taking these facts in the light most favorable to the Plaintiffs, and in consideration of the arguments more fully developed below, this Court should deny the Defendants motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a civil complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "no technical form is required." Fed. R. Civ. P. 8(d)(1). A

motion to dismiss under Fed. R. Civ. P. 12(b)(6) serves the role of "defining issues for trial and for early disposition of inappropriate complaints." *Francis* v. *Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (internal citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Motions to dismiss will only be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Souk v. City of Mount Hope*, No. 2:14-cv-26442, 2015 U.S. Dist. LEXIS 130052 (S.D. W. Va. Sep. 28, 2015) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

## ARGUMENT

**I. The Court Should Deny the Defendants' Motion to Dismiss the Claims of Negligence and Breach of a Fiduciary Duty Because Such Claims are Timely Under the Discovery Rule and the Plaintiffs Have Sufficiently Plead Facts to State a Claim for Relief.**

**A. The Plaintiffs are within their statutory deadline to bring their claims pursuant to the discovery rule.**

The Plaintiffs are aware as to the two year statute of limitations to bring their claims of negligence and breach of fiduciary duty. *See Defs.' Memo* at p.7. However, because they never knew or had reason to know of the error by the Defendants, they still remained well within their statute, which would only begin to toll upon the removal of funds by the Defendants on or about May 18, 2023.

Under West Virginia law, the discovery rule tolls the statute of limitations until the plaintiff knows, or by reasonable diligence should know, of the injury and its cause *Miller v.*

5

*Huntington Nat'l Bank, N.A.,* No. 3:12-CV-114, 2013 U.S. Dist. LEXIS 104998 (N.D.W. Va. July 26, 2013), *Alig v. Quicken Loans, Inc.,* Civil Action No. 5:12-CV-114, 2016 U.S. Dist. LEXIS 194382 (N.D.W. Va. June 2, 2016). This rule is applicable to tort claims, such as negligence and breach of fiduciary duty. *Hamilton v. Pilgrim's Pride Corp.*, 314 F. Supp. 2d 630 (N.D.W. Va. 2004) (stating that, in tort actions the discovery rule tolls the statute of limitations until a claimant knows or should know that he has been injured and who is responsible); *See e.g. Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 715, 487 S.E.2d 901, 909 (1997); *Diloreti v. Countrywide Home Loans, Inc.*, 2014 U.S. Dist. LEXIS 183617. When the facts alleged in the complaint indicate that, with reasonable diligence, the plaintiff should have uncovered the alleged injury prior to the limitations period, the claim will be time-barred as a matter of law. *CSX Transp., Inc. v. Gilkison*, 406 F. App'x 723, 733 (4th Cir. 2010). However, in this case, there is a significant dispute about when the plaintiff knew or should have known about the defendants' actions, necessitating further discovery to determine the applicability of the discovery rule. *Id.*; *Cather v. Seneca-Upshur Petroleum, Inc., No.* 1:09CV139, 2010 U.S. Dist. LEXIS 85077 (N.D.W. Va. Aug. 18, 2010).

Applied here, the Defendants attempt to argue that the Plaintiffs' claims should be dismissed because they have no plead "why they were unaware of this until May of 2023." *See Defs'. Memo* at 7. The Defendants further allege that, because Mr. Dale "signed four Deposit Agreements that stated he was an owner on the account and that the funds were owned as joint tenants with right of survivorship" he should have been aware of Peoples Banks negligence at the time of origination. *Id.* at 7-8. However, what the Defendants fail to appreciate is Mr. Dale's understanding—or lack thereof— as to the fundamental workings of the type of accounts. Even

6

if Mr. Dale was aware of the types of accounts that were originated, he was not aware of their function and any protections the owners may be afforded. As alleged in the Complaint, Mr. Dale, when originating these accounts, explicitly stated that he wanted these accounts originated in a manner that would protect them from this very scenario. However, the Defendants failed to do so and ultimately originated the accounts as being held jointly and thus vulnerable to these creditors.

Simply put, it does not matter if "Hugh did not read the Deposit Accounts closely" nor if "he did not pay attention to the 'account type' and 'ownership' and 'stated purpose' fields"[3] if he lacked any knowledge that these types of accounts were not afforded the specific protections he requested. As such, the Plaintiffs had no reason to know these accounts were not afforded those protections until those actions that have led to this civil matter. Thus, the discovery rule does apply here and these causes of actions are timely. Therefore, this Court should dismiss the Defendants' motion.

> **B. The Plaintiffs have sufficiently plead facts to state a claim for which relief may be granted.**

The Plaintiffs here have plead sufficient facts that, when taken as true, such relief is, at the very least, plausible on its face. Therefore, this Court should deny the Defendants' motion and permit the Plaintiffs to conduct further discovery in order to fully investigate their claims.

First, the Defendants' attempt to argue that Peoples Bank does not owe the Plaintiffs a fiduciary duty because "the relationship between a bank and an individual who deposits money in the bank is not a fiduciary relationship." *Defs.' Memo* at 9. While there may be some truth to such a statement, it is not that singular fact that the Plaintiffs rely upon on alleging their fiduciary

---

[3] *See Defs.' Memo* at 8

7

relationship with Peoples Bank.

Generally speaking, "[a] fiduciary relationship . . . aris[es] when there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." *Caper Corp. v. Wells Fargo Bank, N.A.* No. 13-2152, at *26 (4th Cir. 2014) (quoting *Dallaire v. Bank of America, N.A.*, --- S.E.2d ----, 2014 WL 2612658, at *3 (N.C. 2014) (internal quotations omitted)). Fiduciary relationships are "characterized by confidence reposed on one side[] and resulting domination and influence on the other," in which such confidence results in "a heightened level of trust and the duty of the fiduciary to act in the best interests of the other party." *Id*. at *26 (quoting *Dallaire supra* at *3 (internal quotations omitted)).

Applied here, it was the special confidence the Plaintiffs placed into the Defendants that created this fiduciary relationship. Unaware of the specific inner working and protections afforded by certain bank accounts, as argued in greater detail *supra*, Mr. Dale confided in those employees of Peoples Bank to originate these accounts in order to protect them from this very scenario. In their Complaint, the Plaintiffs have sufficiently pled such a reliance placed upon Peoples Bank. *See Pls.' Compl.* ¶ ¶ 36; 39-41; 43-47; 70-72. However, rather than focus on this relationship, the Defendants' focus their argument on any relationship that may exist as a result of those deposits made into these accounts. While that may or may not create a fiduciary relationship, the origination of those accounts certainly does.

Turning to their next argument. The Defendants' allege that they only acted "upon the express and written consent of the Plaintiffs." *Defs.' Memo* at 10. While there is no doubt that "[n]o action for negligence will lie without a duty broken," such a duty has been placed upon the

8

Defendants here. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" *McEvoy v. Diversified Energy Co.*, Civil Action 5:22-CV-171 (N.D.W. Va. Apr. 4, 2023) (quoting Syl. Pt. 3, *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988)).

Applied here, the only argument the Defendants can make is simply that "[r]egardless of what verbale instructions [Mr. Dale] gave the bank, he ratified the creation of the accounts as joint accounts." *Defs.' Memo* at 10. However, it is not the position of the Plaintiffs that such a duty was imposed upon the Defendants through the signed writing. Rather, it is that a duty was imposed upon them in creating the accounts in accordance with the instructions of Mr. Dale, who again would reiterate that the bank was instructed to originate them in a way that the deposits within would be property of the partnerships themselves and not that of the individual depositor. *See Pls.' Compl.* ¶ ¶ 46-47 Peoples Bank should have known that creating these accounts jointly would not protect them as requested by Mr. Dale.

Accordingly, this Court should dismiss the Defendants' motion because "[a]t this stage, plaintiffs have sufficiently alleged enough facts to state a claim for negligence that is plausible on its face." *McEvoy supra* at *16.

**II. The Court Should Deny the Defendants' Motion to Dismiss the Claim of a Violation of the Fair Debt Collection Practices Act Because Peoples Bank was Acting as a Debt Collector When it Removed the Funds from the Plaintiffs' Accounts.**

The Defendants here can seemingly only point to the definitions under the Fair Debt Collection Practices Act (hereinafter "Act") in trying to convince this Court to dismiss the

Plainitffs' claim. *Defs'. Memo* at 10-11. At best, those definitions are vague and ambiguous. Contrary to the arguments that have been made by the Defendants, such definitions are to be interpreted broadly, especially at the 12(b)(6) phase. *Boczek v. Pentagon Fed. Credit Union*, Civil Action 1:23-CV-43 (KLEEH) (N.D.W. Va. Mar. 26, 2024).

> The Defendants rely on the Act's definition of "debt," which states in its entirety:
>
> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S. Code § 1692a(5). That is precisely the basis of the Default Judgment entered by the Texas State Court. Specifically, Signal Ventures sought recovery for an investment opportunity in which it believed they did not receive the proper return on its investment. *Pls.' Compl.* ¶ ¶ 15-21. In order to collect this debt, Signal Ventures reduced it to a final judgment in order to collect. Furthermore, despite the Defendants argument[4], the definition states only that such a debt is one that is *primarily* for personal, family, or household purposes— not *exclusively*.

Furthermore, Counsel for the Plaintiffs, after a diligent search, nor Counsel for the Defendants, after presumably the same, have been able to find any case law from this jurisdiction declaring that a bank is not a "debt collector" under the Act, which defines such as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S. Code § 1692a(6). As described above, the Defendants here are using the instrumentality of a Final

---

[4] *See Defs'. Memo* at 11

Judgment in an attempt to collect a debt owed. The Final Judgment was rendered as a result of an alleged contract dispute initiated in the pursuit of interstate commerce. Simply put, this Court should find that, when its employees attempt to collect a debt on behalf of another by removing funds from a debtors account, a bank constitutes a "debt collector" under the meaning of the Act.

Accordingly, this Court should deny the Defendants motion to dismiss the Plaintiffs' claims of a violation of the Fair Debt Collection Practices Act.

### III. The Court Should Deny the Defendants' Motion to Dismiss the Claim of Conversion Because the Defendants Acted with Dominionship Over the Plaintiffs' Property That Was Not Subject to Any Judgment.

In the state of West Virginia, conversion is defined as "[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is, in law, a conversion of the property[.]" *Panico v. City of Westover*, Civil Action 1:21-CV-96 (N.D.W. Va. Mar. 31, 2022) (quoting *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia*, 854 S.E.2d 870, 886 (W.Va. 2020); *See also* Syl. pt. 1, *Arnold v. Kelly*, 4 W.Va. 642 (1871)). More succinctly, any wrongful act of dominion over another property that denies the rights of that individual or are inconsistent therewith is a conversion regardless of whether the tortfeasor applied the property to their own use. *Rodgers v. Rodgers*, 399 S.E.2d 664, 668 (W.Va. 1990) (quotations and citation omitted). Importantly here, absent from the elements of conversion is the need for any "bad motive or evil motive." *Panico supra* at *27 (quoting *Rodgers* at 668).

The Defendants argue that, because the accounts were joint accounts, they were "subject to claims by the joint owners and their creditors." *Defs.' Memo.* at 12. However, this argument fails in three ways. First, as discussed *supra*, those accounts were only originated as joint

11

accounts, making them vulnerable to this final judgment, as a result of the negligence of the Defendants. Had they created the accounts in accordance with the intent of the Plaintiffs and as they were instructed to, the accounts would not have been subject to these creditors, but rather be possession of the Partnerships themselves. The Defendants surely cannot be afforded a safe harbor when it was their negligence that created said harbor. *See Pine & Cypress Mfg. Co. v. Am. Eng'g & Const. Co.*, 125 S.E. 375 (W.Va. 1924) ("And when such conversion is proved the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance.")

Next, the actions of the Defendants were improper because they provided their response despite the fact that those individuals were still within their procedural timeline to respond to the *Suggestions of the Circuit Court of Calhoun County, West Virginia. Pls.' Compl.* ¶ 26. Even if the funds were "subject to" the final judgment as alleged by the Defendants[5], their actions are guided by W. Va. Code §38-5-10. Importantly here, §38-5-10(a) explicitly states "The return day for a summons issued under this section is governed by the provisions of rule sixty-nine of the rules of civil procedure for trial courts of record." In following, Rule 69 of the W. Va. R. of Civ. P. prescribes the procedure to be followed in the execution of a final judgment and affords a debtor twenty (20) days to respond to a summons issued in a suggestion proceeding.

Here, the *Summons'* were issued Hugh D. Dale, Jr., Drilco Oil and Gas Inc., or Drilco 2019 1V2H Drilling Program on May 18, 2024, giving those individuals and entities twenty days to respond, or about June 7, 2024. However, the Defendants here responded to the *Suggestions* and removed those funds on or about May 31, 2024. Even if the accounts are subject to

---

[5] *See Defs.' Memo* at 12

garnishment, they were not subject to such at that time and nor would be for at least seven more days. Those named in the *Summons*' were still within their right to answer and defend themselves, yet the Defendants had already acted with dominionship over them and diverted those funds to the alleged creditors, depriving the use of the Plaintiffs' own property.

Finally, it remains the position of the Plaintiffs that the final judgment from Texas is invalid and cannot be enforced here. As such, Hugh D. Dale, Jr., Drilco Oil and Gas Inc., or Drilco 2019 1V2H Drilling program as Defendants in Texas Cause No. DC-22-00562 have filed an action to quash the *Foreign Judgment*, which is now on appeal with the Intermediate Court of Appeals for the State of West Virginia (hereinafter "ICA"). *Pls.' Compl*. ¶ 35. That matter is fully briefed and awaiting a ruling. *See* Appeal No.: 24-ICA-492 in the Intermediate Court of Appeals for the State of West Virginia. Should they receive a favorable ruling from the ICA, the final judgment would not be valid. Thus, Peoples Bank would have no legal right to have removed those funds, regardless of when they did so. Should this Court not be persuaded by the above arguments, it should, at the very least, stay these proceedings awaiting the outcome of 24-ICA-492.

## CONCLUSION

Accordingly, the Plaintiffs have plead sufficient facts to put the Defendants on notice of those charges against them, and thus met their burden of notice pleading. Furthermore, for the forgoing reasons, the Plaintiffs have asserted sufficient factual matters that are plausible on their face, that, when accepted as true, entitle them for relief for injuries they have sustained that are now ripe for judicial review. Therefore, this Court should deny the Defendants' motion to dismiss.

                    **Respectfully submitted,**
                    **<u>Plaintiffs</u>**
                    By Counsel

**<u>/s/ J. Morgan Leach</u>**
**J. Morgan Leach, Esq.**
**WV State Bar No. 13124**
**Robert J. Williamson, Esq.**
**WV State Bar No. 14392**
***J. Morgan Leach, PLLC***
P.O. Box 5518 Vienna, WV 26105
(855) 444-5529 (call | text | fax)
morgan@jmorganleach.law
*Counsel for Plaintiffs*

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CIN DALE 3,**
**JOHN WRIGHT 1&2**
**MILLER**
**BAK**
**BALL 1&2**
**HUGH D. DALE JR., in his official**
**capacity as Managing Partner,**

        **Plaintiffs,**

v.

                                         **Civil Action No.:1:24-cv-50**
                                         **Judge: Thomas S. Kleeh**

**PEOPLES BANK CORP.,**
**KIM LIGHTHALL,**
**JOHN OR JANE DOE BANK EMPLOYEES**
**1-5,**

        **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system:

    **Arie M. Spitz WVSB # 10867**
    *Dinsmore & Shohl LLP*
    74 Virginia Street East, Suite 1300
    Charleston, WV 25301
    arie.spitz@dinsmore.com
    (304) 357-3971
    *Counsel for Defendants*

                                                          **/s/ J. Morgan Leach**
                                                           **J. Morgan Leach, Esq.**