IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CIN DALE 3,
JOHN WRIGHT 1&2
MILLER
BAK
BALL 1&2
HUGH D. DALE JR., in his official
capacity as Managing Partner,

       Plaintiffs,

v.                                                                    Case No. 1:24-cv-50
                                                                      Judge: Thomas S. Kleeh

PEOPLES BANK CORP.,
KIM LIGHTHALL,
JOHN OR JANE DOE BANK EMPLOYEES
1-5,

       Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Defendants Peoples Bank Corp. ("Peoples Bank"), Kim Lighthall, and John or Jane Doe Bank Employees 1-5 (collectively "Defendants"), by and through undersigned counsel, file this Reply in support of their Motion to Dismiss the Complaint.

## INTRODUCTION

Through their Complaint, Plaintiffs seek to shift blame for their own failures onto Peoples Bank. They have alleged that the Bank was negligent. That the Bank owed them a higher duty of care than it owes its other customers. That it does not matter what Hugh Dale, Jr., the managing partner of each corporate Plaintiff, signed. That the Bank should have known better.

But a court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And what Plaintiffs have failed to do in their Complaint is allege facts that would establish any of their claims. Accordingly, this Court should dismiss the Complaint with prejudice.

## **ARGUMENT**

I.    **Plaintiffs have not sufficiently alleged that the statute of limitations was tolled by the discovery rule.**

To avoid dismissal of their claims for negligence and breach of fiduciary duty for failure to bring them within the statute of limitations, Plaintiffs maintain that the discovery rule tolled the statute of limitations. In doing so, however, Plaintiffs ignore their own duties and obligations at the time the accounts were opened and the knowledge they are charged with under West Virginia law.

Under West Virginia's discovery rule, "the statute of limitations is tolled until a claimant knows or by reasonable diligence should have known of his claim." *Dunn v. Rockwell*, 689 S.E.2d 255, 262 (W. Va. 2009). Claims should be dismissed as time-barred pursuant to Rule 12(b)(6) when it is clear from the face of the complaint that the Plaintiff was on notice of his claims and failed to file within the statutory period. *See CSX Transport, Inc. v. Gilkinson*, 406 F. App'x 723, 729 (4th Cir. 2010).

In response to the Motion to Dismiss, Plaintiffs state that the discovery rule applies because Dale lacks knowledge and understanding about types of accounts and the protections different types of accounts provide. [Doc. 6 at 6–7]. Further, they state that Dale "explicitly stated that he wanted these accounts originated in a manner that would protect them from this very scenario." [*Id.*] This argument falls short for two reasons. First, it ignores that in West Virginia, the standard for determining whether a plaintiff knew or should have known about a claim is objective. Second,

it relies on representations and statements that Plaintiffs allege were made before or at the time of the execution of the account documents. Accordingly, because of the parol evidence rule, these statements are irrelevant.

To the first point, Plaintiffs state, for the first time, that the reason did they did know about the alleged negligence in originating the accounts is because Dale lacks knowledge about the different kinds of bank accounts. *Compare* Doc. 6 at 6, *with* Compl. ¶¶ 56–67. But whether or not a plaintiff 'knows of' or 'discovered' a cause of action is an objective test. *See Dunn*, 689 S.E.2d at 265. "This objective test focuses upon whether a reasonable prudent person would have known, ***or by the exercise of reasonable diligence should have known***, of the elements of a possible cause of action." *Id.* (emphasis added).

Accordingly, despite Plaintiffs assertions, the inquiry does not end when they allege Dale lacked knowledge about the protections offered by the accounts he opened. [Doc. 6 at 7]. Plaintiffs are charged with the knowledge of a reasonably prudent person and they have failed to allege that, under these circumstances, a reasonably prudent person would not have known about or discovered the alleged negligence of the Bank when Dale signed off on documents stating the manner in which the accounts were being set up. *See* Compl. ¶¶ 56–67.

Second, Plaintiffs repeatedly rely on alleged instructions given to the Bank employees at the time the accounts were opened. However, when a party signs an agreement, any past request that may impose an additional obligation or duty is null as the parties have now agreed to the express terms of the agreement. *Old White Charities, Inc. v. Bankers Ins., LLC*, 325 F. Supp. 3d 681, 690–91 (S.D.W. Va. 2018). "The parol evidence rule provides that, in controversies between parties to an agreement, evidence of prior or contemporaneous oral negotiations or statements is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, written

instrument." *Collia v. McJunkin*, 358 S.E.2d 242, 244 (W. Va. 1987) (citing Syl. Pt. 2, *Gwinn v. Rogers*, 115 S.E. 428 (W. Va. 1922)). Accordingly, Plaintiffs cannot rely on allegations about the oral statements Dale made to the Bank employees to support a claim that the Bank incorrectly originated the accounts when he signed and ratified the account documents.

## II.    Plaintiffs have not sufficiently alleged that the Bank owes them a fiduciary duty.

Plaintiffs also continue to assert that Peoples Bank owed them a fiduciary duty despite this statement being in direct contradiction with West Virginia law. [Doc. 4 at 9 (noting that in West Virginia, the relationship between a bank and depositor is that of debtor and creditor)].

In their response, Plaintiffs do not cite the law applicable to this case but rather rely on precedent interpreting the law of North Carolina. [Doc. 6 at 8]. Further, Plaintiffs only allegation that a fiduciary relationship existed is based on Plaintiffs placing "special confidence and trust" in the Defendants. [Doc. 6 at 8]; *see also* Compl. ¶ 7.

But Plaintiffs have not alleged any act of Defendants that would indicate that they intended to create a fiduciary relationship. Rather, Plaintiffs allege that they unilaterally raised the standard of care Defendant owed to them. In addition, and as detailed above, the terms of the relationship between the Bank and Plaintiffs are governed by the account documents, not statements made by Dale prior to execution of the account documents. *Old White Charities, Inc.*, 325 F. Supp. 3d 681. Thus, this Court should dismiss the claim for breach of fiduciary duty.

## III.    Plaintiffs have not stated a claim for relief under the FDCPA.

Next, Plaintiffs maintain that they have stated a claim for a violation of the Fair Debt Collection Practices Act ("FDCPA"). They argue that the clear definitions of the act are "vague and ambiguous" and thus that this Court should interpret them broadly. What Plaintiffs ignore,

however, is that these definitions have been repeatedly interpreted by courts. Applying those definitions, Plaintiffs have not—and cannot—state a claim for relief under the FDCPA.

As noted in Defendants' opening brief, to state a successful FDCPA claim, a plaintiff must allege that (1) plaintiff is a consumer; (2) plaintiff was the object of collection activity arising from consumer debt; (3) defendant fits within the FDCPA's definition of a debt collector; and (4) defendant engaged in an act or omission prohibited by the FDCPA. *Ellis v. Palisades Acquisition XVI LLC*, No. JKB-18-03931, 2019 U.S. Dist. LEXIS 124787, at *15 (D. Md. July 26, 2019).

First, Plaintiffs have not sufficiently alleged that they are consumers. According to the FDCPA, "'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). While the Complaint makes a conclusory statement that "Plaintiffs are 'consumers' under the meaning of the FDCPA," this is a legal conclusion which is not taken as true at this stage. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Nor could Plaintiffs remedy this deficiency in an amended pleading. *See Valhalla Inv. Props., LLC v. 502, LLC*, 832 Fed. Appx. 413 (6th Cir. 2020) (upholding dismissal of plaintiff's complaint seeking relief under the FDCPA because only natural persons can be consumers, and since defendant was a limited liability company, it was not a natural person).

Second, the debt here is not a consumer debt. In fact, nowhere in the Complaint do Plaintiffs allege that the debt was incurred "primarily for personal, family, or household purposes." *See* Compl. ¶¶ 75-90. Rather, plaintiffs address this element for the first time in their response in opposition to the Motion. Even still, taking the allegations in a light most favorable to Plaintiffs and drawing all permissible inferences from the Complaint in their favor, this element is not met. *See Sergey Viktorovich Paushok v. Ganbold*, 2022 U.S. App. LEXIS 12154 (2d Cir. May 5, 2022) (plaintiff could not bring FDCPA claim based on commercial transaction involving mining

company because FDCPA limited debts covered to only those obtained primarily for personal, family, or household purposes); *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 (4th Cir. 2012) (credit card debt was not "consumer debt" when the plaintiff could not show the cards were not used for business purposes); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067 (9th Cir. 1992) (business loans are not consumer debts under the FDCPA); *Fonvielle v. Specialized Loan Servicing, LLC*, No. 7:23-CV-1300-D, 2024 U.S. Dist. LEXIS 43780, at *5 (E.D.N.C. Mar. 13, 2024) (dismissing an FDCPA claim where the complaint relies on the "bare legal conclusion that [plaintiff] 'is a consumer and the subject debt is a consumer debt'").

Plaintiffs do not allege what makes the debt primarily for personal, family, or household purposes. In fact, they concede that it is a business, not consumer, debt: "Signal Ventures sought recovery for an investment opportunity in which it believed they did not receive the proper return on its investment." [Doc. 6 at 10 (citing Compl. ¶¶ 15-21)].

Third, Plaintiffs have failed to allege, and could not allege in an amended complaint, that the Defendants are a debt collector. The FDCPA defines a debt collector as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The natural reading of the statutory language does not include a garnishee that turns over funds in the definition of 'debt collector.'" *Heaven v. Portfolio Recovery Assocs., LLC*, 303 F. Supp. 3d 333, 339 (E.D. Pa. 2018); *see also Hagwood-El v. Allied Interstate, Inc.*, No. 3:19-cv-01311 (JAM), 2020 U.S. Dist. LEXIS 162676, at *11 (D. Conn. Sept. 4, 2020) (same).

The definitions of the FDCPA are not vague or ambiguous, Plaintiffs just dislike them. A reading of the definitions that is broad enough to encompass the allegations in this case would render the definitions of the FDCPA meaningless. Therefore, dismissal of this claim is proper.

III.     **Peoples Bank responded to the Suggestion as permitted by West Virginia law.**

In response to the Motion to Dismiss the claim for conversion, Plaintiffs again rely on the alleged negligence of the Bank in originating the accounts. However, that argument fails for the reasons discussed above in Section I.

Plaintiffs further state that "the actions of the Defendants were improper because they provided their response despite the fact those individuals were still within their procedural timeline to respond" to the *Suggestions*. [Doc. 6 at 12]. They rely on W. Va. Code §38-5-10 and state it provides the debtor twenty days to respond to a summons issued in a suggestion proceeding. [Doc. 6 at 12]. However, §38-5-10 does not provide a time for the debtor to respond. It speaks to the time a ***suggested person*** has to respond to the suggestion. W. Va. Code §38-5-10 ("Upon a suggestion by the judgment creditor that a person is indebted or liable to the judgment debtor . . . , a summons against such person may be issued out of the office of the clerk of the circuit court or of the magistrate court of the county in which the judgment creditor obtained the writ of fieri facias, requiring such person to answer the suggestion in writing and under oath."). And while the suggestee has twenty days to respond to the suggestion, §38-5-14 provides:

> A person suggested may, ***at any time before the return day of the summons mentioned in [§38-5-10], deliver the property or pay the money for which the person is liable at the time of service of the summons***, or a sufficiency thereof to satisfy the execution, and shall thereby be discharged from any further liability under the execution, and, as to the property so delivered and/or money so paid, the person shall be discharged from all liability whatsoever to the judgment debtor.

Accordingly, Plaintiffs argument that the Bank improperly diverted the funds and deprived them of their property is misguided.

Finally, with respect to Plaintiffs position that the final judgment is invalid and not enforceable, it is improper for Plaintiffs to stake a claim for relief for conversion on that basis. Even if Plaintiffs are ultimately successful in their appeal, at the time Peoples Bank responded to

the suggestions it did so not only in "good faith" and without malice [Doc. 6 at 11] but in reliance on a court order. While success on appeal may entitle Plaintiffs to recover the funds paid to the Judgment Creditor, it would not entitle them to damages from Peoples Bank for conversion.

<u>**CONCLUSION**</u>

For the foregoing reasons, and those stated in the Memorandum of Law in Support of the Motion to Dismiss, Defendants respectfully request this Court dismiss the Complaint with prejudice.

Respectfully submitted,

/s/ Arie M. Spitz
Arie M. Spitz (WVSB #10867)
Jordan "Jo" McMinn (WVSB #14084)
Dinsmore & Shohl LLP
707 Virginia Street, East, Suite 1300
Charleston, WV 25301
Telephone: (304) 347-0900
Facsimile: (304) 357-0919
arie.spitz@dinsmore.com
jordan.mcminn@dinsmore.com
*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CIN DALE 3,**
**JOHN WRIGHT 1&2**
**MILLER**
**BAK**
**BALL 1&2**
**HUGH D. DALE JR., in his official**
**capacity as Managing Partner,**

       **Plaintiffs,**

**v.**                                                      **Case No. 1:24-cv-50**
                                                           **Judge: Thomas S. Kleeh**

**PEOPLES BANK CORP.,**
**KIM LIGHTHALL,**
**JOHN OR JANE DOE BANK EMPLOYEES**
**1-5,**

       **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

I, Arie M. Spitz, do hereby certify that I have filed a true copy of the foregoing ***Reply in Support of the Motion to Dismiss*** this 19th day of August 2024, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the listed participants.

*/s/ Arie M. Spitz*
Arie M. Spitz (WVSB #10867)
