```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

CIN DALE 3,
JOHN WRIGHT 1&2
MILLER
BAK
BALL 1&2
HUGH D. DALE JR., in his official
capacity as Managing Partner,

    Plaintiffs,

  v.                                    Civil Action No. 1:24-cv-50

PEOPLES BANK CORP.,
KIM LIGHTHALL,
JOHN OR JANE DOE BANK EMPLOYEES
1-5,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 3]**

Pending before the Court is Defendant's Motion to Dismiss the Complaint [ECF No. 3]. For the reasons stated herein, Defendant's Motion [ECF No. 3] is **GRANTED**.

### I. PROCEDURAL HISTORY

Plaintiffs Cin Dale 3, John Wright 1&2, Miller, Bak, Ball 1&2, and Hugh D. Dale Jr., in his official capacity as Managing Partner (collectively "Plaintiffs") filed a Complaint against Defendants Peoples Bank Corp. ("Peoples Bank"), Kim Lighthall, and John or Jane Doe Bank Employees 1-5 (collectively "Defendants") on May 6, 2024. ECF No. 1. Defendants filed their Motion to Dismiss the Complaint [ECF No. 3] and accompanying Memorandum of Law in

Support of Its Motion to Dismiss [ECF No. 4] on July 29, 2024. Plaintiffs filed a Memorandum in Opposition of Defendants' Motion to Dismiss [ECF No. 6] on August 12, 2024. Defendants filed their Reply in Support of Their Motion to Dismiss the Complaint [ECF No. 7] on August 19, 2024. The motion is fully briefed and ripe for review.

## II.   FACTUAL BACKGROUND

On January 2, 2002, an account ending in 4060 was opened at Traders Bank by Hugh D. Dale, Jr. and Cynthia Dale. ECF No. 3-1. This account was opened as a consumer checking account with joint ownership with survivorship. Id. Originally titled "Escrow Account," this account's title modifier was changed to "Cin Dale #3" on October 6, 2016. On September 8, 2004, Hugh and Cynthia Dale opened another account with Traders bank — a business account ending in 5212 in the name of "Drilco Oil and Gas" and "Ball 1 and 2." ECF No. 3-2. This account utilized a singular tax identification number that belonged to Drilco Oil & Gas, Inc. Id.

On February 17, 2006, Hugh and Cynthia returned to Traders Bank and opened two more accounts, one ending in 7898 and 7901. ECF No. 3-3, 3-4. The account ending in 7898 was opened in the names of Cynthia E. Dale, Hugh D. Dale, Jr., and "John Wright 1 & 2." ECF No. 3-3. This account was opened as a Traders Free Traditions checking account and was owned by the depositors as joint tenants with right of survivorship. Id. The purpose of the

2

account was stated as "personal" and Hugh Dale, Jr.'s social security number was listed on the account. Id.

The account ending in 7901 was opened in the names of Cynthia E. Dale, Hugh D. Dale, Jr., and "Miller #2" and was owned by the depositors as joint tenants with right of survivorship. ECF No. 3-4. The purpose of the account was stated as "personal" and listed Hugh Dale, Jr.'s social security number on the account. Id.

The last account at issue, ending in 3510, was opened on February 27, 2008, in the names of Cynthia E. Dale, Hugh D. Dale, Jr., and "Bak Account," owned as joint tenants with right of survivorship. ECF No. 3-5. Like the previous two accounts, the account's purpose was personal and Hugh Dale, Jr.'s social security number was listed. Id.

Plaintiff alleges that "[i]t was the intent of Plaintiff Hugh D. Dale Jr., when originating the accounts, to structure them as a partnership account, making the financial assets within property of the partnership and not any individual partner." Compl., ECF No. 1, at ¶ 39. Plaintiff claims to have "explicitly stated his intent to the John or Jane Doe employee at Traders Bank who originated the account." Id. at ¶ 39. However, the accounts were originated as joint tenancies, rather than partnership accounts. Id. at ¶ 41. Through various mergers and acquisitions, the accounts were acquired by Peoples Bank. Id. at ¶¶ 36-38.

Sometime before April 2022, Signal Ventures, LLC ("Judgment Creditor") named Hugh D. Dale, Jr., Drilco Oil and Gas Inc., and/or Drilco 2019 1V2H Drilling program in a case before the District Court for the 160th Judicial Circuit located in Dallas County, Texas. Id. at ¶ 16. On November 11, 2022, the Texas state court entered a default judgment against Hugh D. Dale, Jr., Drilco Oil and Gas Inc., and/or Drilco 2019 1V2H Drilling Program (collectively "Judgment Debtors"). Id. at ¶ 17.

The Texas State Court ordered the Judgment Creditor to recover $103,886.15 in actual damages from the Judgment Debtors. Id. at ¶ 18. The Texas court also ordered the recovery of $200,000 in punitive damages from each Judgment Debtor: Drilco Oil and Gas, Inc., Drilco 2019 1V2H Drilling Program, and Hugh D. Dale, Jr. Id. at ¶¶ 19-21.

The Judgment Creditor filed a Notice of Filing of Foreign Judgment on March 2, 2023, and a series of Abstract of Judgment around April 17-20, 2023, in the Circuit Court of Calhoun County, West Virginia. Id. at ¶¶ 22-23.

Around May 18, 2023, three Suggestions of the Circuit Court of Calhoun County, West Virginia were issued to Peoples Bank and specifically identified Drilco Oil and Gas, Inc., Drilco 2019 1V2H Drilling Program, and Hugh D. Dale, Jr. as the judgment debtors. Id. at ¶ 24. Peoples Bank responded to the Suggestions by indicating that Drilco Oil and Gas, Inc. and Hugh D. Dale, Jr.,

had active accounts and that cashier's checks would be issued from each of the active accounts pursuant to the Suggestions. Id. at ¶ 25. Peoples Bank issued two cashier's checks, one in the amount of $130,165.03 and one in the amount of $303,936.15, payable to Signal Ventures LLC C/O Johnstone & Gabhart, Attorneys at Law. Id. at ¶ 30.

### III. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the

5

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV.  DISCUSSION

For the following reasons, Defendant's Motion to Dismiss [ECF No. 3] is **GRANTED**.

### A.  Counts One and Two – Negligence and Breach of Fiduciary Duty

As discussed below, Defendants' Motion as to Counts One and Two is **GRANTED**.

#### 1.  Plaintiffs' Claims for Negligence and Breach of Fiduciary Duty are Barred by the Statute of Limitations.

When a state statute of limitations applies, "the state's accompanying rule regarding equitable tolling should also apply." Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999). "Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Taylor v. Fox, No. CIV.A. 5:08-CV-87, 2009 WL 6315313, at *2 (N.D.W. Va. Nov. 23, 2009) (citation omitted). Actions for negligence and breach of fiduciary duty must be brought within two years "after the right to bring the claim shall have accrued." W. Va. Code § 55-2-12.

"Generally, the statute of limitations begins to run when a tort occurs; however, under the 'discovery rule,' the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim." Dunn v. Rockwell, 689 S.E.2d 255, 262 (2009) (quoting Gaither v. City Hospital, Inc., 487 S.E.2d 901, 906 (1997)). "[W]hether a plaintiff "knows of" or "discovered" a cause of action is an objective test." Dunn, 689 S.E.2d at 265. "This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Id.

Here, Plaintiffs first argue that the discovery rule applies and that the causes of actions are thus timely. Pl.'s Mem. in Opp'n of Defs.' Mot. to Dismiss, ECF No. 6, at p. 7. Plaintiffs claim that Dale lacked knowledge and understanding about types of accounts and the specific types of accounts he opened; therefore, Plaintiffs did not discover the cause of action until the funds were removed from the accounts on May 18, 2023. Id. at p. 6–7; Compl., ECF No. 1, at ¶ 42. Plaintiffs further argue that "there is a significant dispute about when the plaintiff knew or should have known about the [D]efendants' actions, necessitating further discovery to determine the applicability of the discovery rule." ECF No. 6, at p. 6.

In contrast, Defendants argue that the statutes of limitation have expired for Plaintiffs' negligence and breach of fiduciary duty claims. Defs.' Mem. of Law in Supp. of its Mot. to Dismiss, ECF No. 4, at p. 6. Defendants correctly state that it does not matter when or what Plaintiff *actually* knew or should have known about the account because, "in West Virginia, the standard for determining whether a plaintiff knew or should have known about a claim is objective." Defs.' Reply in Supp. of their Mot. to Dismiss the Compl., ECF No. 7, at p. 2.

Here, the Court finds that the statutes of limitation have expired for Plaintiffs' negligence and breach of fiduciary duty claims. Counts One and Two rely on allegations that the accounts at issue were not originated correctly. Out of the five accounts Plaintiffs opened within a four-year period, the newest account was originated more than fifteen years ago. Hugh Dale's signature appears on all five of the accounts' Deposit Agreements; these Deposit Agreements clearly list the ownership of the accounts. See ECF No. 3-1 through 3-5.[1] Additionally, the statements issued for the accounts at issue listed the names of each joint owner. See ECF No. 3-6. The Court finds that additional discovery is not

---

[1] Courts may consider documents attached to a motion to dismiss without converting it to a motion for summary judgment under Rule 56 if the documents are "integral to and explicitly relied on in the complaint," and "the plaintiffs do not challenge [the documents'] authenticity." Zak v. Chelsea Therapeutics Intern., Ltd., 780 F.3d 597, 606-07 (4th Cir. 2015).

8

needed to determine whether the discovery rule applies in this case because a reasonably prudent person would have known, or by the exercise of reasonable diligence should have known, of possible causes of action arising out of the allegations that the accounts were not originated as requested. As such, the Court **FINDS** that the statutes of limitation bar Plaintiffs' recovery on these claims. Thus, Counts I and II are **DISMISSED**.

### 2. Plaintiffs Failed to State a Claim for Breach of Fiduciary Duty Upon Which Relief Can Granted.

Count II is additionally dismissed on the grounds that a fiduciary relationship does not exist between the parties. "In order to establish a breach of fiduciary duty, a plaintiff must first show that a fiduciary relationship was formed, and second that it was breached." Michael v. Wesbanco Bank, Inc., 288 F. App'x 883, 886 (4th Cir. 2008). A fiduciary duty is a "duty to act for someone else's benefit, while subordinating one's personal interests to that of the other person." Elmore v. State Farm Mut. Automobile Ins. Co., 504 S.E.2d 893, 898 (W. Va. 1998) (quoting Black's Law Dictionary 625 (6th ed.1990)).

A fiduciary relationship exists "whenever a trust, continuous or temporary, is specially reposed in the skill or integrity of another." Michael, 288 F. App'x at 886 (quoting McKinley v. Lynch, 51 S.E. 4, 9 (W. Va. 1905)). "As a general rule, a fiduciary relationship is established only when it is shown that the

9

confidence reposed by one person was actually accepted by the other, and merely reposing confidence in another may not, of itself, create the relationship." McKinley, 51 S.E. at 9.

"A bank account creates a contractual debtor-creditor relationship between bank and depositor." S. Elec. Supply Co. v. Raleigh Cnty. Nat. Bank., 320 S.E.2d 515, 519 (W. Va. 1984); see also Bank of Marin v. England, 385 U.S. 99, 101 (1966) ("The relationship of bank and depositor is that of debtor and creditor, founded upon contract."). "A creditor-debtor relationship generally does not implicate the higher duty of a fiduciary." Michael, 288 F. App'x at 887; see also Peters v. Peters, 443 S.E.2d 213, 219 (W. Va. 1994) ("A deposit creates an ordinary debt, and not a privilege or right of a fiduciary character.").

Plaintiffs argue that "it was the special confidence the Plaintiffs placed into the Defendants that created [a] fiduciary relationship." ECF No. 6, at p. 6. Defendants argue that Plaintiffs only assert "special confidence" to support their claim and have, thus, failed to allege that the Bank owed Plaintiffs a heightened duty of care. ECF No. 7, at p. 4.

Here, the Court finds that there is no fiduciary relationship between Plaintiffs and Defendants. Defendants are a bank that Plaintiffs chose to use to open accounts. The relationship between the parties is a contractual debtor-creditor relationship and

10

there is no fiduciary duty upon the Defendants. As such, the Court **GRANTS** Defendants' Motion as to Count II on this additional basis.

### B. Count Three - Violation of FDCPA

"The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 573 (2010). In the context of the FDCPA,

> 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt collector" is defined as "any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

To bring a FDCPA claim, "a plaintiff must allege that (1) plaintiff is a consumer; (2) plaintiff was the object of collection activity arising from consumer debt; (3) defendant fits within the FDCPA's definition of a debt collector; and (4) defendant engaged in an act or omission prohibited by the FDCPA." Ellis v. Palisades

11

Acquisition XVI LLC, No. CV JKB-18-03931, 2019 WL 3387779, at *15 (D. Md. July 26, 2019).

Plaintiffs argue that that the definitions of the FDCPA are "vague and ambiguous" and that they should be interpreted broadly. ECF No. 6, at p. 9. Plaintiffs cite decisions of this Court to support their assertions, but the case law cited involves interpretations of the WVCCPA, in which the Supreme Court of Appeals of West Virginia calls for "broad and liberal construction." Boczek v. Pentagon Fed. Credit Union, 725 F. Supp. 3d 542, 546 (N.D.W. Va. 2024) (citation omitted).

Plaintiffs assert that the FDCPA's definition of "debt" is "precisely the basis of the Default Judgment" at issue. ECF No. 6, at p. 10. Plaintiffs additionally argue that "this Court should find that, when its employees attempt to collect a debt on behalf of another by removing funds from a debtors account, a bank constitutes a 'debt collector' under the meaning of the Act." Id. at p. 11. As to whether Plaintiffs are "consumers," Plaintiffs only argument is that "Plaintiffs are 'consumers' under the meaning of the FDCPA." Compl., ECF No. 1, at ¶ 80.

Defendants argue that none of the definitions in the FDCPA apply to this case. ECF No. 4, at p. 11. Defendants assert that "the Suggestions paid by Peoples Bank were not a 'debt' as defined by the FDCPA." ECF No. 7, at p. 6. Defendants posit that, instead, the "debt" in this case was a final judgment issued by the court

of another state and relocated to Calhoun County, West Virginia. ECF No. 4, at p. 11.

Defendants further argue that Plaintiffs do not allege what makes the debt primarily for personal, family, or household purposes and that the debt is business related. ECF No. 7, at p. 6. Defendants state that Plaintiff's Response corroborates this statement, asserting that "Signal Ventures sought recovery for an investment opportunity in which it believed they did not receive the proper return on its investment." Id.

Defendants also argue Peoples Bank is not a "debt collector" because Peoples bank was merely responding to the Court's Suggestion. ECF No. 4, at p. 11.

Defendants lastly argue that Plaintiffs are not "consumers" because only one Plaintiff is a natural person and that Plaintiff is joined only in his capacity as "Managing Partner of the Partnership Plaintiffs." Id.

Here, the Court finds that Plaintiffs do not adequately allege a violation of the FDCPA. First, Plaintiffs have not alleged that any one Plaintiff is a consumer as defined in the FDCPA; the Complaint only includes a conclusory statement that Plaintiffs are consumers. Second, the Complaint does not sufficiently allege that the collection activity at issue arises out of a consumer debt. Instead, the Court finds that the debt arises out a judgment for business related damages. Finally, Defendants do not fit within

13

the FDCPA's definition of a debt collector. "The natural reading of the statutory language does not include a garnishee that turns over funds in the definition of "debt collector." Heaven v. Portfolio Recovery Assocs., LLC, 303 F. Supp. 3d 333, 339 (E.D. Pa. 2018); see also Hagwood-El v. Allied Interstate, Inc., No. 3:19-CV-01311 (JAM), 2020 WL 5300256, at *4 (D. Conn. Sept. 4, 2020). Defendants were merely in possession of the Plaintiffs' money when a third party pursued the collection of the judgment debt and responded to a lawful order by transferring that money to the third party. Furthermore, the Suggestions paid by Peoples Bank are not a "debt," Peoples Bank is not a "debt collector," and Plaintiffs are not "consumers" as defined by the FDCPA. As such, Defendant's motion is **GRANTED** as to Count III.

### C. Count Four - Conversion

"The tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is, in law, a conversion of the property[.]" Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia, 854 S.E.2d 870, 886 (W. Va. 2020) (quoting Syl. pt. 1, Arnold v. Kelly, 4 W. Va. 642 (1871)). "Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion and it is not necessary that the wrongdoer apply the property to his own use." Rodgers v. Rodgers, 399 S.E.2d 664, 668 (W. Va. 1990)

(quotations and citation omitted). Of note, "bad motive or evil motive" is irrelevant and an unnecessary element of proof. Id. at 677. Instead, the focus is the exercise of control over the property of another without legal right to do so. See id.; see also Pine & Cypress Mfg. Co. v. Am. Eng'g & Const. Co., 125 S.E. 375 (W. Va. 1924) ("And when such conversion is proved the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance.").

Plaintiffs argue they are entitled to damages for conversion of their property. The Complaint states that the "diversion or disposition of assets from the accounts . . . was a distinct act of dominion." Compl., ECF No. 1, at ¶ 95. Plaintiffs argue that the accounts would not have been vulnerable to the final judgment had they been "created in accordance with the intent of the Plaintiffs and as they were instructed to." ECF No. 6, at p. 11. Thus, Plaintiffs contend that, even if the funds were subject to the final judgment, Defendants' response to the Suggestions was improper because Drilco Oil and Gas, Inc. and Hugh D. Dale, Jr. "were still within their procedural timeline to respond to the Suggestions," pursuant to W. Va. Code §38-5-10. Id. at p. 12; ECF No. 1, at ¶ 26.[2]

---

[2] Plaintiffs additionally argue "that the final judgment from Texas is invalid and cannot be enforced here." ECF No. 6, at p. 13. However, this argument is rendered moot pursuant to the West Virginia's Intermediate Court of Appeals decision in Drilco Oil &

15

Defendants disagree because the accounts were joint accounts and thus, the funds were "thus subject to claims by the joint owners and their creditors." ECF No. 4, at p. 12. Defendants argue that "Peoples Bank's withdrawal of funds to pay the Judgment Creditor was not 'inconsistent' with Plaintiffs' rights." Id.

In their reply, Defendants argue that Plaintiffs' procedural argument fails because §38-5-10 "speaks to the time a suggested person has to respond to the suggestion" and "does not provide a time for the debtor to respond." ECF No. 7, at p. 7. W. Va. Code § 38-5-10(a) provides that:

> Upon a suggestion by the judgment creditor that a person . . . has in the person's possession or control personal property belonging to the judgment debtor. . . a summons against such person may be issued out of the office of the clerk of the circuit court or of the magistrate court of the county in which the judgment creditor obtained the writ of fieri facias . . ."

W. Va. Code Ann. § 38-5-10. Rule 69 of the West Virginia Rules of Civil Procedure provides, in pertinent part, that "an answer to a summons issued in a suggestion proceeding shall be served upon the plaintiff within 20 days after service of the summons." W. Va. R. Civ. P. 69. Further, W. Va. Code §38-5-14 states:

> "A person suggested may, at any time before the return day of the summons mentioned in [§38-5-10], deliver the property or pay the

---

Gas, Inc. v. Signal Ventures, LLC, No. 23-ICA-492, 2024 WL 5201656 (W. Va. Ct. App. Dec. 23, 2024).

> money for which the person is liable at the time of service of the summons, or a sufficiency thereof to satisfy the execution, and shall thereby be discharged from any further liability under the execution, and, as to the property so delivered and/or money so paid, the person shall be discharged from all liability whatsoever to the judgment debtor."

W. Va. Code Ann. § 38-5-14.

Here, the Court finds that Plaintiffs have not adequately alleged a claim for conversion. Three Suggestions were issued to Defendant, Peoples Bank, on May 18, 2023, specifically identifying Drilco Oil and Gas inc., Drilco 2019 1V2H Drilling Program, LLC, and Hugh D. Dale Jr. as the Judgment Debtors. The cashier's checks at issue are Peoples Bank's response to the Suggestions on May 31, 2023. The relevant portions of W. Va. Code Ann. § 38-5-10, W. Va. Code Ann. § 38-5-14, and W. Va. R. Civ. P. 69 apply to the suggested person, Peoples Bank, not the Debtors. Further, Peoples Bank complied with all procedural rules required of them. Accordingly, Peoples Bank did not tortiously or unlawfully take the funds at issue. In response to the lawfully executed Suggestions, Peoples Bank diverted the funds in good faith. As such, the Court **GRANTS** Defendants motion as to Count IV.

    D.   **Count Five - Respondeat Superior**

Plaintiffs claim for respondeat superior fails as a matter of law because there are no remaining claims to impose liability on an employer. "In essence, the doctrine of respondeat superior imposes liability on an employer 'for the negligent acts of an

employee committed while the employee was acting within the scope [of employment].'" Gasper v. Swick & Son Maint. Specialists, Inc., 2021 WL 1680475, at *5 (N.D.W. Va. Apr. 28, 2021) (quoting Dunn, 689 S.E.2d at 274. The Court finds that a claim for respondeat superior cannot stand absent an underlying claim for liability. Here, because the Court has granted the motion to dismiss as it pertains to Counts I - IV, it also **GRANTS** the motion to dismiss as to Count V.

## V. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the Defendants' motion [ECF No. 3] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and **DISMISSES WITH PREJUDICE** Plaintiffs' Complaint [ECF No. 1]. All other pending motions, hearings, and deadlines in this matter are hereby **TERMINATED** and this action is thus **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

The Clerk shall transmit copies of this Order to counsel of record by electronic means.

DATED: March 25, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA